# EXHIBIT

# A

THE STATE OF NEW HAMPSHIRE
Rockingham Superior Court
PO Box 1258
Kingston, NH 03848 1258
603 642-5256

## ORDER OF NOTICE

Diane Devine Mizusawa v. High Liner Foods (USA) Incorporated

NO. 08-E-0322                                                RETURN DAY: 08/05/2008

You have been sued and named as a party in a case filed with the Rockingham Superior Court. Attached is a copy of the pleading which began this case.

Diane Devine Mizusawa shall notify each Defendant of the above action by serving the defendant(s) by July 21, 2008 with a copy of the pleading initiating the case, orders that the Court has already issued, and this Order in a manner allowed by law. Plaintiff shall file with the Clerk verification of the service process by August 05, 2008.

**IMPORTANT NOTICE TO High Liner Foods (USA) Incorporated:**
You must file a written appearance form with the Clerk on or before August 05, 2008. You must also file by September 04, 2008 a plea, answer or demurrer. Send a copy of the appearance form and any other documents filed with the court to the attorney for the party filing the pleading or to the party if there is no attorney. The name and address of the attorney or the party filing the pleading is contained in the pleading. If you do not comply with these requirements you will be considered in default, you will not have an opportunity to dispute the claim(s) and the court may issue orders in this matter which may affect you without your input.

**NOTICE OF HEARING:** A Hearing on the following matters is scheduled for July 24, 2008 at 9:00 AM. at 10 Route 125 in Brentwood:

### Temporary Hearing

Hearing will be limited to offers of proof, 15 minutes per party. Motions for a more extended hearing will be addressed at this hearing. Parties against whom ex parte relief has been issued may request a more immediate hearing. Service of this notice must be completed by July 18, 2008 otherwise, the Court may dissolve any orders made ex parte or continue hearing to a later date.

Please advise clients, witnesses, and others that it is a class B felony to carry a firearm or other deadly weapon as defined in RSA 625:11,V in a courtroom or area used by a court.

BY ORDER OF THE SUPERIOR COURT

06/25/2008

Raymond Taylor
Clerk of Court

AOC Form SUEP140 (Rev. 09/20/2001)

THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                              SUPERIOR COURT

Diane Devine Mizusawa
185 F.W. Hartford Drive
Portsmouth, NH 03801

v.

High Liner Foods (USA) Incorporated
1 Highliner Avenue
Portsmouth, NH 03801

### PETITION FOR TEMPORARY INJUNCTION, DAMAGES, ATTORNEY'S FEES AND DEMAND FOR JURY TRIAL

NOW COMES Diane Devine Mizusawa, of 185 F.W. Hartford Drive, Portsmouth, New Hampshire, and complains against High Liner Foods (USA) Incorporated, of 1 Highliner Avenue, Portsmouth, New Hampshire, as follows:

### PARTIES

1. Diane Devine Mizusawa ("Ms. Devine") is an individual who resides at 185 F.W. Hartford Drive, Portsmouth, New Hampshire.

2. High Liner Foods (USA) Incorporated ("High Liner-USA") is a corporation which does business at 1 Highliner Avenue, Portsmouth, New Hampshire.

3. High Liner-USA is believed to be owned and controlled by High Liner Foods Incorporated ("High Liner-Canada") of 100 Battery Point, Lunenburg, Nova Scotia, Canada.

### BACKGROUND FACTS

4. Ms. Devine was employed by High Liner-USA as of March 29, 2004.

5. Ms. Devine's initial employment was as "Vice President of Marketing for the U.S. Operations."

6. Ms. Devine was an officer of High Liner-USA and part of the senior leadership team for the U.S. operations throughout her employment, at a grade level of 17.

7. Ms. Devine was the most senior women employed as a salaried, professional employee by High Liner-USA.

8. Ms. Devine received a base salary, bonus, and other benefits as part of her wages and employment with High Liner-USA.

9. Ms. Devine received merit increases from High Liner-USA on March 28, 2005, March 26, 2006, and March 25, 2007.

10. As of January 1, 2008, Ms. Devine's annual base salary was $185,190.48.

11. Prior to March 31, 2008, Ms. Devine's employment performance and record with High Liner-USA was excellent, with no performance issues or concerns ever expressed to Ms. Devine.

12. Prior to March 31, 2008, High Liner-USA established an employment practice or policy concerning the payment of severance wages, advance notice of termination of employment, and other benefits for male, salaried, professional employees who were similarly situated to Ms. Devine.

13. By letter dated March 31, 2008, High Liner-Canada (acting through Henry Demone – Chief Executive Officer) notified Ms. Devine that (in part):

   (a) her employment is terminated "from High Liner Foods, Inc. as a result of the restructuring of our U.S. operations";

   (b) "your termination is effective immediately";

   (c) "We will pay you all wages due to you through the end of the current pay period, April 11, 2008, within the time period required by law";

2

 (d) "We will provide you with Separation Payments, equivalent to your regular salary plus an amount equal to the prorated three year average of your bonus of $4,225.62 per week less withholdings, for a period of 15 weeks from the Termination Date, March 31, 2008";

 (e) that other benefits would be due to her, with (c), (d), and (e) conditioned on signing the letter as an agreement.

14. By letter dated April 29, 2008, Ms. Devine notified Mr. Demone that (in part):

 (a) High Liner-USA had established a policy of providing severance pay to male salaried professional employees whose positions were similar to that of Ms. Devine for longer than the fifteen (15) week period offered Ms. Devine.

 (b) High Liner-USA's severance pay policy had resulted in male salaried employees (with less tenure and job responsibilities) being paid far more than what was offered Ms. Devine.

 (c) High Liner-USA had also established a policy of giving an advance seven (7) month notification period prior to payment of the severance benefits.

 (d) She was requesting "fair and equitable treatment" by High Liner-USA.

15. Mr. Demone, on behalf of High Liner-USA and High Liner-Canada, responded to Ms. Devine's request to be "fair and equitable" by letter dated May 5, 2008, that (in part):

 (a) there was "clear and compelling evidence that very few, if any, of [Ms. Devine's] marketing strategies have been successful."

16. The accusations made by Mr. Demone (on behalf of High Liner-USA and High Liner-Canada) were not true.

17. By letter dated May 15, 2008, counsel for Ms. Devine informed Mr. Demone, High Liner-USA and High Liner-Canada that under New Hampshire law

 • RSA 275:42 III – defines "wages";

- RSA 275:43 V – states that severance pay, whether "such benefits are a matter of employment practice or policy, or both, shall be considered wages pursuant to RSA 275:42 III";

- RSA 275:45 – "...the employer shall pay, without condition and within the time set by this subdivision, all wages, or parts thereof, conceded by him to be due..."

- RSA 275:44 I – "Whenever an employer discharges an employee, the employer shall pay the employee's wages in full within 72 hours";

- RSA 275:44 IV – "If an employer wilfully and without good cause fails to pay an employee wage...such employer shall be additionally liable to the employee for liquidated damages...";

- RSA 275:37 – "No employer shall discriminate in the payment of wages between the sexes..."

- RSA 275:56 – Every employer shall "provide such employee with a copy of all or part of such (personnel) file."

18. The letter of May 15, 2008, from counsel requested that High Liner-USA

   (a) "send to me (counsel for Ms. Devine) true and complete copies of Diane Devine's personnel file with your company, including any and all performance assessments by May 21, 2008" (with High Liner-USA being informed that the term "personnel file" included payroll records, internal evaluations, disciplinary documentation and performance evaluations, wherever maintained and an Authorization signed by Ms. Devine was included for that purpose);

   (b) "pay Ms. Devine the 'Separation Payments' and other benefits outlined in your letter of March 31, 2008, on or before May 21, 2008";

   (c) "urge you to reconsider the company's decision, as set forth in your letter of May 5, 2008, to reject the offer made by Ms. Devine in her letter of April 29, 2008."

19. The letter of May 15, 2008, also notified High Liner-USA that in the event a resolution was not made as soon as possible "Ms. Devine will not hesitate to enforce her legal rights, which will include requests for attorney's fees."

4

20. A second request for the complete personnel file and Separation Payments was made by Ms. Devine's counsel to counsel for High Liner-USA on May 29, 2008.

21. By letter dated June 3, 2008, a copy of Ms. Devine's alleged personnel file was mailed to her counsel.

22. That Ms. Devine's performance reviews or performance assessments were not included in the file forwarded by High Liner-USA.

23. That no other severance payments have been made by High Liner-USA to Ms. Devine.

24. That Ms. Devine has been damaged by the conduct of High Liner-USA.

## COUNT I
## VIOLATION OF RSA 275:56 (PERSONNEL FILE)

25. RSA 275:56 requires that an employer such as High Liner-USA

> "upon request, provide [the] Employee with a copy of all or part of such [personnel] file."

26. The term "personnel file" is defined in the administrative code as

> "any personnel records created and maintained by an employer and pertaining to an employee including and not limited to employment applications, **internal evaluations, disciplinary documentation**, payroll records, injury reports and **performance assessments**, whether maintained in one or more locations, unless such records are exempt from disclosure under RSA 275:56, III or are otherwise privileged or confidential by law. The term does not include recommendations, peer evaluations or notes not generated or created by the employer."

N.H. Admin. Lab.Code § 802.09.

27. Although requested on several occasions, High Liner-USA has not provided Ms. Devine with a complete copy of her personnel file with, at a minimum, there being no "internal evaluations, disciplinary documentation...and performance assessments" included with the file.

28. The failure of High Liner-USA to so provide a complete copy of the personnel file and violate RSA 275:56 is knowing, deliberate, intentional and in bad faith.

29. Ms. Devine requests that this Court order High Liner-USA to provide her with a complete copy of her personnel file immediately.

30. Ms. Devine requests that this Court order High Liner-USA to pay her attorney's fees associated with the violation of RSA 275:56 which has necessitated (in part) this litigation.

## COUNT II
## VIOLATION OF RSA 275:44 AND 275:45
## WAGES TO BE PAID WITHIN 72 HOURS

31. All facts stated in this Petition are incorporated in this Count II.

32. RSA 275:43 V states that severance pay is considered to be "wages."

33. RSA 275:45 Unconditional Payment of Wages Conceded to be Due requires that "the employer shall pay...all wages, or parts thereof, conceded by him to be due..."

34. RSA 275:44 I requires that "the employer shall pay the employee's wages in full within 72 hours."

35. RSA 275:44 IV obligates High Liner-USA to be "additionally liable" to Ms. Devine and to pay Ms. Devine liquidated damages in the amount of double wages for its failure to pay her the full wages due within 72 hours.

36. That the failure of High Liner-USA to so pay Ms. Devine her wages pursuant to RSA 275:44 and RSA 275:45 was wilful, without good cause, knowing, deliberate, intentional and in bad faith.

37. That such failure of High Liner-USA has resulted in damages to Ms. Devine.

38. That pursuant to RSA 275:53 and otherwise the actions of High Liner-USA make it liable to pay all costs and attorney's fees incurred by Ms. Devine in this action.

39. That Ms. Devine has been damaged by the conduct of High Liner-USA as aforesaid in an amount within the jurisdictional limits of this Court.

## COUNT III
## VIOLATION OF RSA 275:43
## FAILURE TO PAY SEVERANCE PAY AS WAGES

40. All facts stated in this Petition are incorporated in this Count III.

41. RSA 275:43 III states that severance pay, when "such benefits are a matter of employment practice or policy, or both, shall be considered wages pursuant to RSA 275:42 II when due."

42. Prior to March 31, 2008, High Liner-USA established an employment practice or policy concerning the payment of severance wages, advance notice of termination of employment, and other benefits for male, salaried, professional employees who were similarly situated to Ms. Devine.

43. High Liner-USA has not paid to Ms. Devine the same severance pay as other male, professional, salaried, similarly situated employees that it was the employment practice or policy of High Liner-USA to pay.

44. That such failure of High Liner-USA has resulted in damages to Ms. Devine.

7

45. That the failure of High Liner-USA to so pay Ms. Devine her proper severance pay and benefits was knowing, deliberate, intentional and in bad faith.

46. That pursuant to RSA 275:53 and otherwise the actions of High Liner-USA make it liable to pay all costs and attorney's fees incurred by Ms. Devine in this matter.

47. That Ms. Devine has been damaged by the conduct of High Liner-USA as aforesaid in an amount within the jurisdictional limits of this Court.

## COUNT IV
## 29 U.S.C. SECT. 206(d)(1)
## DISCRIMINATION IN THE PAYMENT OF WAGES BASED ON SEX

48. All facts stated in this <u>Petition</u> are incorporated in this Count IV.

49. That 29 U.S.C. Sect. 206(d)(1) states that it is illegal for an employer to "discriminate...between employees on the basis of sex..."

50. That High Liner-USA has established an employment practice or policy of making certain severance wage payments to male, salaried, professional employees who were similarly situated as Ms. Devine.

51. That High Liner-USA has discriminated against Ms. Devine (a female) by not paying her the same severance wages as it paid to male, salaried, professional employees as aforesaid.

52. That High Liner-USA has violated 29 U.S.C. Sect. 206(d)1 by its actions.

53. That Ms. Devine has been damaged by the said actions of High Liner-USA.

54. That the actions of High Liner-USA in this regard are wilful, deliberate and in bad faith.

55. That, in addition to other damages and penalties, High Liner-USA is subject to a fine of $10,000.00 for this violation per 29 U.S.C. Sect. 216(a).

56. That Ms. Devine has a right of action against High Liner-USA under 29 U.S.C. Sect. 216(b) with the damages against High Liner-USA including, in addition to an order obligating High Liner-USA to pay her her rightful wages, (a) additional damages in an equal amount of severance pay be paid as liquidated damages and (b) reasonable attorney's fees being paid to Ms. Devine by High Liner-USA.

57. That Ms. Devine has been damaged by the conduct of High Liner-USA as aforesaid in an amount within the jurisdictional limits of this Court.

## COUNT V
## VIOLATION OF RSA 275:37
## DISCRIMINATION

58. All facts stated in this Petition are incorporated in this Count V.

59. RSA 275:37 Equal Pay requires that

> "...no employer shall discriminate in the payment of wages as between sexes..."

60. High Liner-USA has discriminated in the payment of wages between Ms. Devine and male salaried professional employees who were similarly situated as Ms. Devine.

61. The wages paid to male salaried professional employees in the form of severance wages has been much higher than the severance wages paid or offered to be paid to Ms. Devine.

62. The variation between the severance wages paid by High Liner-USA to male salaried professional employees and those severance wages paid or offered to be paid to Ms. Devine is not justified by RSA 275:37 or otherwise.

9

63. That the discrimination against Ms. Devine as aforesaid is a violation of RSA 275:37.

64. That RSA 275:39 <u>Liquidated Damages</u> provides that High Liner-USA is liable to Ms. Devine in the amount of unpaid wages and "in an additional equal amount of liquidated damages" for a violation of RSA 275:37.

65. That the discrimination against Ms. Devine as aforesaid by High Liner-USA was knowing, deliberate, intentional and in bad faith.

66. That such discrimination has resulted in damages to Ms. Devine as aforesaid.

67. That the actions of High Liner-USA make it liable to pay costs and attorney's fees incurred by Ms. Devine in this action, pursuant to RSA 275:53 and otherwise.

68. That Ms. Devine has been damaged by the conduct of High Liner-USA as aforesaid in an amount within the jurisdictional limits of this Court.

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

69. All facts stated in this <u>Petition</u> are incorporated in this Count VI.

70. High Liner-USA has a duty to avoid causing emotional distress that would cause physical injury to Ms. Devine.

71. By falsely accusing Ms. Devine of incompetence and the type of actions that it has, High Liner-USA has breached its said duty and created an unreasonable risk of causing emotional distress that would likely lead to physical injury.

72. That Ms. Devine, as a direct result of the breach of duty by High Liner-USA, has suffered a significant, painful and mental and emotional experience with lasting effects that has

manifested itself in physical injuries.

73. That Ms. Devine claims damages against High Liner-USA in an amount within the jurisdictional limits of this Court.

74. That Ms. Devine claims attorney's fees as additional damages as the result of the knowing, deliberate, intentional and bad faith conduct of High Liner-USA.

75. That Ms. Devine has been damaged by the conduct of High Liner-USA as aforesaid in an amount within the jurisdictional limits of this Court.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

76. All facts stated in this Petition are incorporated in this Count VII.

77. That the actions of High Liner-USA in this action constitute extreme and outrageous conduct.

78. Ms. Devine has been caused damage due to the extreme and outrageous conduct of High Liner-USA.

79. High Liner-USA is liable to Ms. Devine in damages for intentionally causing Ms. Devine emotional distress, based on the actions of High Liner-USA as set forth in this Petition.

80. Ms. Devine claims damages against High Liner-USA as a result of such conduct within the jurisdictional limits of this Court.

81. That Ms. Devine claims attorney's fees as the result of the knowing, intentional, deliberate and bad faith conduct of High Liner-USA.

## COUNT VIII
## VIOLATION OF RSA 358-A

82  All facts stated in this Petition are incorporated in this Count VIII.

11

83. The actions of High Liner-USA are an unfair or deceptive act or practice in the conduct of commerce.

84. The actions of High Liner-USA, even to one "inured to the rough and tumble of the world of commerce" attains and surpasses a "level of rascality which raises eyebrows" (illegal activities, violation of state and federal statutes, gender discrimination, failure to provide personnel files when requested, etc.).

85. That the plaintiff herein is a "person injured" by the said conduct of High Liner-USA.

86. That the acts or practices of High Liner-USA were wilful and knowing violations of RSA 358-A.

87. That the damages to the plaintiff should include an award of a maximum of treble damages, but not less than double damages, and attorney's fees pursuant to RSA 358-A:10.

88. That the plaintiff has been damaged by the conduct of High Liner-USA in an amount within the jurisdictional limits of this Court.

**EQUITY JURISDICTION**

89. That Ms. Devine does not have an adequate remedy at law.

WHEREFORE, Ms. Devine prays as follows:

I. PENDING A JURY TRIAL ON THE MERITS:

A. A hearing be scheduled on the temporary relief requested by Ms. Devine.

B. High Liner-USA be ordered to provide to Ms. Devine a complete copy of her personnel file in accordance with RSA 275:56.

C. High Liner-USA be ordered to pay to Ms. Devine both the amount of severance wages which it admits is due to her in accordance with RSA 275:44 and 275:45.

D. High Liner-USA be ordered to pay to Ms. Devine liquidated damages in accordance with RSA 275:44 IV in the amount of the severance wages deemed to be due her.

E. High Liner-USA be ordered to pay to Ms. Devine attorney's fees and costs due to the conduct of High Liner-USA.

II. AFTER A JURY TRIAL ON THE MERITS:

A. High Liner-USA be ordered to pay damages and liberal enhanced damages to Ms. Devine pursuant to the claims made in Counts II, III, IV, V, VI, VII and VIII above, including but not limited to liquidated damages and multiple damages.

B. High Liner-USA be ordered to pay attorney's fees and costs to Ms. Devine due to the conduct of High Liner-USA, RSA 275:53, 29 U.S.C. 216(b) and RSA 358-A:10.

C. For such other and further relief as may be just.

III. JURY TRIAL

A. The plaintiff demands a jury trial on all issues of fact.

June 23, 2008

_/s/ Diane Devine_
Diane Devine

13

State of New Hampshire
Rockingham, SS.                                             June 23, 2008

    Personally appeared the above-named Diane Devine and swore that the foregoing is true, to the best of her knowledge and belief,

    Before me,

_____
Notary Public/Justice of the Peace

FROM THE OFFICE OF:

Ralph R. Woodman, Jr.  Bar #2790
Boynton, Waldron, Doleac, Woodman & Scott, P.A.
82 Court Street, P. O. Box 418
Portsmouth, NH 03802-0418
(603) 436-4010

_____
Ralph R. Woodman, Jr.

14